UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TRINIDAD MARTINEZ FLORES,<br>No. 435145, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | No. 3:17-cv-00246 <br> Chief Judge Crenshaw |
| v. | ) <br> ) | |
| WARDEN JAMES HOLLOWAY, | ) <br> ) | |
| Respondent. | ) | |

**MEMORANDUM**

Pending before the Court are the Petitioner's two motions seeking the appointment of counsel (Doc. Nos. 3 and 12) as well as a "motion for status conference on appointment of counsel" (Doc. No. 21). The Respondent has filed Objections to the Petitioner's most recent motion (Doc. No. 22) and a memorandum in support of his Objections (Doc. No. 23).

**I.    Introduction**

On February 1, 2017, Petitioner Trinidad Martinez Flores filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* challenging his 2011 conviction and sentence for conspiracy to sell more than three hundred pounds of marijuana, conspiracy to commit money laundering, possession with intent to deliver three hundred pounds of marijuana, and using proceeds from the sale of marijuana for which he currently is serving a term of imprisonment of fifty-six (56) years with in the Tennessee Department of Correction. (Doc. No. 1).

By Order entered on March 3, 2017, the Court conducted a preliminary review of the petition and found that the Petitioner had stated at least one colorable claim for relief. (Doc. No. 7 at 1). The Court ordered the Respondent to file an answer, plead or otherwise respond to the petition. (Id.)

1

The Respondent filed his response on April 24, 2017, contending that the Petitioner is not entitled to federal habeas relief. (Doc. No. 20).

The Petitioner has filed two motions seeking the appointment of counsel (Doc. Nos. 3 and 12) as well as a "motion for status conference on appointment of counsel" (Doc. No. 21). The Respondent has filed Objections to the Petitioner's most recent motion (Doc. No. 22) and a memorandum in support of his Objections (Doc. No. 23). As the Respondent notes, in the Petitioner's most recent motion, the Petitioner appears not only to move for a status conference regarding his motion for court-appointed counsel but also for court-appointed counsel, discovery, and an extension of time to file a reply to the Respondent's response to the petition. (Id. at 1 n.1). The Court will address the Petitioner's pending motions herein.

**II.    Motions for appointment of counsel**

In support of his requests for the appointment of counsel, the Petitioner states that he is an indigent layman who does not possess "the specialized education and knowledge necessary to proceed in this action in an adequate or competent fashion." (Doc. No.12 at 1). He further states that he filed his petition "with the help of an Inmate legal helper and the petitioner is a Mexican who can not speak or read English." (Id.)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing Willett favorably). The appointment of counsel for a civil

litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). When deciding whether exceptional circumstances exist, a district court considers the type of case, the ability of the *pro se* litigant to represent himself or herself, and the nature of the factual and legal issues involved. Id. at 606.

The Petitioner's circumstances of proceeding *pro se* and indigent are typical to many prisoners and do not suggest anything exceptional in nature. Murray v. Giarratano, 492 U.S. 1, 7 (1989) (*pro se* litigant); Richmond v. Settles, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); Debow v. Bell, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, *pro se* litigants).

The Petitioner also asserts that his illiteracy and unfamiliarity with the English justify the appointment of counsel; however, neither circumstance constitutes an exceptional circumstance warranting the appointment of counsel in a civil case. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (language barrier insufficient for tolling because record showed petitioner could clearly communicate with someone to assist him); Green v. United States, No. 11-59, 2013 WL 209019, at *2 (E.D. Ky. Jan. 13, 2013) (illiteracy and unfamiliarity with English does not relieve party from burden of showing genuine issue of material fact at summary judgment stage). The Petitioner has demonstrated that he can communicate with someone who can assist him with this case. See Cobas, 306 F.2d at 444 (noting that "the translator acting on behalf on a non-English speaking petitioner need have no qualification other than the ability to communicate in English"). With the assistance of an inmate legal helper, the Petitioner submitted a lengthy petition for *habeas corpus* relief. He does not allege that he suffers from any mental defects or physical disabilities that would limit his

3

ability to prosecute his case. As long as the Petitioner has access to an inmate legal helper or a translator who can read and write English, and the Petitioner is clearly able to communicate with the helper or translator, the Court finds that the Petitioner is able to prosecute his case.

Finally, the Petitioner maintains that his case is "legally complex," necessitating the appointment of counsel. (Doc. No. 12 at 1). According to the Respondent, the petition alleges exhausted sufficiency of the evidence claims, an exhausted ineffective assistance of counsel claim, and a number of procedurally defaulted claims. (Id.) While the Petitioner states that this case involves a "voluminous" state court record, the Respondent disagrees. (Id.) Considering all of the arguments made by both sides and the record currently before the Court, the Court finds that the Petitioner possesses the ability to represent himself under the circumstances set forth in the Petitioner's pending motions. His motions seeking the appointment of counsel, therefore, will be denied.

### III.   Motion for a status conference

The Petitioner seeks a status conference regarding "scheduling" and "certain issue[s] related to the voluminous record in the underlying criminal case and state post-conviction proceeding." (Doc. No. 21 at 2). The Petitioner does not identify or explain what issues he believes require a status conference, and the Court finds that there is no need at this time for a scheduling conference in this action.

To the extent that the Petitioner is requesting an evidentiary hearing, a hearing a premature as the Petitioner has not yet filed his reply to the Respondent's response, which the Petitioner states that he intends to file. (Docket No. 21). An evidentiary hearing, therefore, is presently unwarranted. See Rule 8(a), Rules Gov'g § 2254 Cases. The Petitioner's motion seeking a status

4

conference will be denied.

**IV.     Motion for discovery**

The Petitioner also seeks discovery of "case files of investigative agencies, trial counsel and appellate counsels [sic] files." (Doc. No 21 at 2). *Habeas* petitioners do not have an automatic right to discovery. See Johnson v. Mitchell, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in *habeas* cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." Willliams v. Bagley, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. Id. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." Id.

To the extent that the Petitioner's request for discovery is based on his need for records from his underlying state criminal case or his post-conviction proceedings, the Respondent has provided those records to the Court and to the Petitioner. (Doc. No. 19). The Petitioner has not met his burden of showing that he is entitled to discovery of the files of unspecified "investigative agencies;" his request is too vague and does not explain how the requested discovery is materially related to a claim or claims raised in his habeas petition and/or how the requested discovery is likely

5

to resolve any factual disputes that could entitle the Petitioner to relief. Regarding the Petitioner's request for discovery of trial and appellate counsels' files, the Petitioner likewise has not met his burden. Compare Sample v. Colson, 958 F. Supp.2d 865, 890 (W.D. Tenn. 2013)(finding that *habeas* petitioner demonstrated good cause for discovery of law enforcement records because requested records could provide information that resolved factual disputes about eyewitness identification and other suspects and could support petitioner's Brady claims, and suppression of any such material evidence would excuse procedural default of petitioner's claims). "Cases in which the courts have granted Habeas Rule 6 discovery are cases were [sic] a habeas petitioner established good cause for discovery by making sufficient specific factual allegations corroborating the underlying habeas claim." Dellinger v. Bell, No. 3:09-cv-104, 2011 WL 4585268, at *2 (E.D. Tenn. Sept. 30, 2011). The Petitioner's motion for discovery will be denied.

**V.     Motion for extension of time to file a reply**

The Petitioner moves for an extension of 120 days from the date the Respondent's answer was filed to file his reply, making the reply due on or before August 22, 2017. The Respondent does not oppose the Petitioner's request for an extension, leaving the decision "to the Court's sound discretion." (Doc. No. 23 at 5). The Court finds that the Petitioner's request for an extension was not made for the purposes of delay and will not prejudice the Respondent, who does not oppose the extension. Therefore, the Petitioner will be permitted to file his reply no later than August 22, 2017.

**VI.    Conclusion**

For the reasons explained herein, the Petitioner's motions for the appointment of counsel (Doc. Nos. 3 and 12) will be denied, as will the Petitioner's "motion for status conference on appointment of counsel" (Doc. No. 21). The Petitioner's request for discovery, too, will be denied.

(Id.)  However, the Petitioner's request for an extension of time to file a reply to the Respondent's response to the petition will be granted.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE