UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRINIDAD MARTINEZ FLORES, <br> # 435145, | ) <br> ) <br> ) |
| Petitioner, | ) No. 3:17-cv-00246 <br> ) CHIEF JUDGE CRENSHAW |
| v. | ) <br> ) |
| WARDEN JAMES HOLLOWAY, | ) <br> ) |
| Respondent. | ) |

### MEMORANDUM OPINION

The Respondent has filed a Motion to Strike (Doc. No. 27), to which the Petitioner has responded in opposition (Doc. No. 30).

## I.  Introduction

On February 1, 2017, Petitioner Trinidad Martinez Flores filed a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his 2011 conviction and sentence for conspiracy to sell more than three hundred pounds of marijuana, conspiracy to commit money laundering, possession with intent to deliver three hundred pounds of marijuana, and using proceeds from the sale of marijuana for which he currently is serving a term of imprisonment of fifty-six (56) years with in the Tennessee Department of Correction.  (Doc. No. 1).   The Petitioner raises the following grounds for federal habeas relief:

1. The State introduced insufficient evidence at trial for a rational factfinder to find the Petitioner guilty beyond a reasonable doubt of his crimes (Id. at 3-4);

2. The state criminal court committed plain error by not recusing itself, violating the Petitioner's federal due process right (Id. at 5);

1

3. The criminal court erred by sentencing the Petitioner to consecutive sentences (Id. at 6);

4. The Petitioner received ineffective assistance of trial counsel when counsel failed to review discovery with him and to adequately prepare him for trial (Id. at 7-8);

5. The Petitioner's trial counsel was ineffective for failing to move for suppression based on two alleged suppressible issues. (Id. at 8-10.)

By Order entered on March 3, 2017, the Court conducted a preliminary review of the petition and found that the Petitioner had stated at least one colorable claim for relief. (Doc. No. 7 at 1). The Court ordered the Respondent to file an answer, plead or otherwise respond to the petition. (Doc. No. 7). The Respondent filed his response on April 24, 2017, contending that the Petitioner is not entitled to federal habeas relief. (Doc. No. 20). Specifically, the Respondent contends that the state appellate court's opinions regarding the Petitioner's sufficiency arguments alleged in Ground One do not contradict or unreasonably apply clearly established federal law; the Petitioner has procedurally defaulted Grounds Two and Three and has failed to plead any legally sufficient reason to excuse these defaults; Ground Four is without merit because the Court of Criminal Appeals' decision does not contradict or unreasonably apply clearly established federal law; and both Strickland claims alleged in Ground Five are procedurally defaulted and the Petitioner fails to plead legally sufficient cause pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), to excuse these defaults. (Doc. No. 20 at 1-2). Therefore, according to the Respondent, the petition should be dismissed with prejudice. (Id. at 2).

By Order and accompanying Memorandum entered on June 29, 2017, the Court denied the Petitioner's motions seeking the appointment of counsel, motion for status conference, and motion

for discovery. (Doc. Nos. 24 and 25). With regard to the Petitioner's motion for discovery, the Court found that the Petitioner had failed to meet his burden of showing that he is entitled to discovery of files of unspecified "investigative agencies;" the Petitioner's request was too vague and did not explain how the requested discovery is materially related to a claim or claims raised in his habeas petition and/or how the requested discovery is likely to resolve any factual disputes that could entitle the Petitioner to relief. (Doc. No. 25 at 5). Regarding the Petitioner's request for discovery of trial and appellate counsels' files, the Court found that the Petitioner likewise had not met his burden. (Id. at 6).

Subsequently, the Petitioner filed a Notice of Filing (Doc. No. 26), entering a disk containing an audio recording of the Petitioner's preliminary hearing into the record. The Respondent filed a timely Motion to Strike the Petitioner's Notice of Filing (Doc. No. 27), which the Respondent construes as a renewed motion for discovery or, alternatively, as a motion to expand the record pursuant to Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts. (Id., Attach. 1 at 1). The Respondent moves to strike the Petitioner's Notice and its attachment on the grounds that the Petitioner fails to satisfy the governing standards of Rules 6 and 7 to warrant his submission's incorporation into the record. (Id.)

**II.    Analysis**

Habeas petitioners do not have an automatic right to discovery. See Johnson v. Mitchell, 585 F.3d 923, 924 (6th Cir. 2009). Discovery in habeas cases is controlled by Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which states in pertinent part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

of Civil Procedure and may limit the extent of discovery." R. 6(a), Rules Gov'g § 2254 Cases. "Good cause" is not demonstrated by "bald assertions" or "conclusory allegations." Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Rather, the requested discovery must be materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief." Willliams v. Bagley, 380 F.3d 932, 975 (6th Cir. 2004) (internal quotations omitted) (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)). The moving party bears the burden of demonstrating the materiality of the requested information. Id. Rule 6(a) does not "sanction fishing expeditions based on a petitioner's conclusory allegations." Id.

Regarding expansion of the record, Rule 7 states that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." R. 7(a), R. Gov'g § 2254 Cases. Rule 7's advisory notes state that "the purpose [of the rule] is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." R. 7, R. Gov'g § 2254 Cases advisory committee's note. "Unless it is clear from the pleadings and the files and records that the prisoner is entitled to no relief… [i]t may be perfectly appropriate…for the district court to proceed by requiring that the record be expanded." Id. (quoting Raines v. United States, 423 F.2d 526, 529-30 (4th Cir. 1970)). Thus, Rule 7 implies that the Court should not permit expansion of the record if the pleadings and state court record adequately resolve the Petitioner's claims.

Additionally, if a petitioner moves to expand the record, "the petitioner ought to be subject to the same constraints that would be imposed if he had sought an evidentiary hearing." Samatar v. Clarridge, 225 F. App'x 366, 375 (6th Cir. 2007) (quoting Owens v. Frank, 394 F.3d 490, 499 (7th Cir. 2005)). Therefore, the Petitioner must also satisfy the statutory prerequisites articulated in

4

Section 2254(e)(2) to expand the record. Section 2254(e)(2) states:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B).

Here, the Respondent contends that, if the Court liberally construes the Notice as a renewed discovery motion, the Notice and its attachment should be stricken. The Court agrees. The Petitioner already has moved for and has been denied discovery. (Doc. No. 21 at 24 & 25). In his Notice, the Petitioner provides no good cause for including the audio recording of his preliminary hearing; he simply states that the attachment is "likely to resolve any factual disputes that could entitle [the petitioner] to relief." (Doc. No. 26 at 1 n.1). This explanation insufficiently explains why discovery is warranted to permit the recording's incorporation into the record.

Moreover, the Petitioner fails to explain why he only now advances this material. The Tennessee Rules of Criminal Procedure require that preliminary hearings "be preserved by electronic recording or its equivalent" and mandate that, if the defendant is subsequently indicted, "such recording shall be made available to the defendant or defense counsel." Tenn. R. Crim. P.

5.1(a)(3). Although the Petitioner asserts that, "through continued investigation the attached C.D. was recently discovered," (Doc. No. 26 at 1 n.1), the audio recording of the Petitioner's preliminary hearing has been available for years (Doc. No. 27, Attach. 1 at 4). As the Sixth Circuit explains in another case:

> The essence of the petitioner's claim is that the record in the state court proceedings, and therefore in the district court, was inadequately developed and that he is entitled to discovery and an evidentiary hearing in federal court to provide substance to the claims raised in his habeas petition. However, the conclusion is inescapable that, if the state court record was inadequately developed, it was so because the petitioner failed to pursue the avenues that were available to him to develop it.

Byrd v. Collins, 209 F.3d 486, 516 (6th Cir. 2000).

In his reply to the Respondent's Motion to Strike, the Petitioner asserts that "[t]he preliminary hearing proceedings are relevant to this action due to the fact that the petitioner has challenge[d] the sufficiency of the evidence and the reliability of the confidential informant." (Doc. No. 30 at 2). However, the Petitioner has not advanced "specific allegations" showing reason to believe that, if the preliminary hearing audio disk is included in the record, the Petitioner will be able to demonstrate that he is entitled to relief on either his sufficiency of the evidence claim or his ineffective assistance of counsel claim. Williams, 380 F.3d at 974. Indeed, the Petitioner does not elaborate at all on how the preliminary hearing recording benefits his claims at all. "Cases in which the courts have granted Habeas Rule 6 discovery are cases were [sic] a habeas petitioner established good cause for discovery <u>by making sufficient specific factual allegations corroborating the underlying habeas claim</u>." Dellinger v. Bell, No. 3:09-cv-104, 2011 WL 4585268, at *2 (E.D. Tenn. Sept. 30, 2011)(emphasis added); see Sample v. Colson, 958 F. Supp.2d 865, 890 (W.D. Tenn. 2013)(finding that habeas petitioner demonstrated good cause for discovery of law enforcement

6

records because requested records could provide information that resolved factual disputes about eyewitness identification and other suspects and could support petitioner's Brady claims, and suppression of any such material evidence would excuse procedural default of petitioner's claims). Because the Petitioner as the moving party bears the burden of demonstrating the materiality of the requested discovery, and he has not met his burden, the Court is not inclined to permit discovery in this instance. See Johnson, 585 F.3d at 924.

The Petitioner's Notice of Filing alternatively can be construed as a motion to expand the record. Although the Petitioner alleges that expanding the record to include the preliminary hearing proceedings "will also give the Court the opportunity to review [the] entire record instead of holding an evidentiary hearing" (Doc. No. 30 at 2), expansion of the record should be granted only where the Court does not dismiss the petition using the pleadings and the state court record before it. R. Gov'g § 2254 Cases advisory committee's note. The Respondent correctly argues that expansion of the record is premature and unwarranted because the Court has not decided the Petitioner's claims using the pleadings and state court record. (Doc. No 27, Attach. 1 at 4).

Even so, more importantly the Petitioner fails to satisfy the prerequisites set forth in Section 2254(e). The Petitioner does not advance any argument to satisfy Section 2254(e)(2)'s requirements to expand the record. Samatar, 225 F. App'x at 375. Additionally, any attempt to satisfy Section 2254(e) would fail because the Petitioner could not satisfy Section 2254(e)(2)(B), requiring him to prove actual innocence. The Petitioner does not plead actual innocence.

## III. Conclusion

For the reasons explained herein, the Respondent's Motion to Strike (Doc. No. 27) the Petitioner's Notice of Filing (Doc. No. 26) will be denied, whether construed as a renewed motion

7

for discovery or, alternatively, as a motion to expand the record.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE